UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KAY'S NATURALS, INC., a Minnesota Corporation, | Case No. 07-CV-4426 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER |
| KAY'S NATURALS, INC., an Arizona Corporation, | |
| Defendant. | |

Prairie A. Bly, GRAY PLANT MOOTY MOOTY & BENNETT, PA, for plaintiff.

This matter is before the Court on plaintiff's motion for entry of default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure and for a permanent injunction, attorney fees, and costs [Docket No. 12]. For the reasons that follow, the Court grants the motion.

FINDINGS OF FACT

1. Plaintiff filed a summons and complaint in this matter on October 30, 2007. Defendant was served with the summons and complaint on December 6, 2007.

2. Defendant has failed to plead or otherwise defend.

3. The Clerk entered a default with respect to defendant under Rule 55(a) of the Federal Rules of Civil Procedure on June 24, 2008 [Docket No. 11].

4. Plaintiff is the owner of a valid and existing United States trademark in the KAY'S NATURALS mark, U.S. Reg. No. 3,179,338.

5. Defendant has used the mark KAY'S NATURALS to identify its magazine business. That business has been the subject of numerous complaints of false and misleading conduct and has been the subject of investigations by law-enforcement agencies.

6.      Plaintiff is the prior and senior user of the KAY'S NATURALS mark.

7.      Plaintiff sent a cease-and-desist letter to defendant in May 2007, but defendant continues to use the KAY'S NATURALS mark.

8.      Defendant's use of the KAY'S NATURALS mark has falsely suggested the existence of some sponsorship, connection, license, or association between plaintiff and defendant.  Defendant's use of the mark has also caused confusion, mistake, or deception in the marketplace as to the source or origin of defendant's services.

## CONCLUSIONS OF LAW

A.      Defendant has willfully infringed, and continues to willfully infringe, plaintiff's KAY'S NATURALS mark.

B.      Defendant's infringement has irreparably harmed plaintiff, and will continue to irreparably harm plaintiff, and the harm to plaintiff from that infringement outweighs any potential harm to defendant from enjoining defendant's infringing activities.

C.      The public interest will be served by an injunction against defendant's infringing activities.

D.      Because plaintiff is entitled to a default judgment against defendant, plaintiff has succeeded on the merits of its federal and state trademark-infringement and unfair-competition claims.  In particular, defendant is liable for: (1) federal trademark infringement under 15 U.S.C. § 1114(1)(a); (2) federal unfair competition under 15 U.S.C. § 1125(a)(1)(A); and (3) state unfair competition under Minn. Stat. § 325D.44, subd. 1(2) and (3).

E.      Accordingly, the Court finds that an injunction against defendant's infringing activities is warranted in this case.

    F.    Under Minn. Stat. § 325D.45, subdivision 2, the Court has discretion to award attorney's fees to plaintiff because defendant has "willfully engaged" in a deceptive trade practice, namely trademark infringement, "knowing [that practice] to be deceptive." Minn. Stat. § 325D.45, subd. 2.

    G.    The Court finds that an award of attorney's fees is warranted in this case given defendant's failure to defend and the willful and ongoing nature of defendant's trademark infringement.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of plaintiff Kay's Naturals, Inc.'s, a Minnesota corporation, for default judgment, permanent injunction, and attorney's fees and costs [Docket No. 12] is GRANTED.

2. Defendant Kay's Naturals, Inc., an Arizona corporation, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with defendant Kay's Naturals, Inc. or its officers, agents, servants, employees, or attorneys, are PERMANENTLY ENJOINED from:

    a. Using the mark KAY'S NATURALS or any confusingly similar mark in any marketing, advertising, or other statements to the public in connection with services defendant offers or intends to offer.

    b. Using the mark KAY'S NATURALS or any confusingly similar mark as defendant's corporate name.

    c.    Registering or using any Internet domain name that incorporates, is identical to, or is confusingly similar to the mark "Kay's Naturals."

    d.    Using the mark KAY'S NATURALS or any confusingly similar mark in any other way.

    e.    Making any representation, express or implied, that defendant or its officers, agents, servants, employees, attorneys, or other representatives have any relationship or affiliation with plaintiff Kay's Naturals, Inc., a Minnesota corporation.

3.    Plaintiff Kay's Naturals, Inc., a Minnesota corporation, is awarded its attorney's fees and costs in the amount of $6,500.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 15, 2008                              s/Patrick J. Schiltz
                                                                   Patrick J. Schiltz
                                                                   United States District Judge